Patrick C. Bageant (No. 10291)
HOLLYSTONE LAW
1775 West State Street, No. 286
Boise, ID 83702
Telephone: 208-596-5343
Facsimile: 208-686-8247
email: pbageant@hollystonelaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| IDAHO HOME REALTY LLC, an Idaho Limited Liability Company, doing business as IDAHO HOME REALTY GROUP, | ) ) ) | Civil Action No.: 1:19-cv-417 |
| | ) | |
| *Plaintiff*, | ) ) | COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED |
| v. | ) | CAUSES OF ACTION |
| | ) | |
| SHAWN TOMICH, an individual, TOMICH ENTERPRISES, LLC, an Idaho Limited Liability Company, and IDAHOME REALTY GROUP, LLC an Idaho Limited Liability Company, | ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendants*. | | |

Plaintiff, Idaho Home Realty LLC, *dba* Idaho Home Realty Group ("Plaintiff"), alleges

the following as its Complaint against Shawn Tomich, Tomich Enterprises, LLC, and Idahome

Realty Group, LLC (collectively "Defendants").

## INTRODUCTION

1.      This Complaint for damages and other relief arises from Defendants' unlawful and willful attempts to misappropriate, infringe, and exploit the trademarks, likeness, and goodwill of a longstanding real estate agency, Plaintiff, in the Treasure Valley of Idaho and surrounds, which Plaintiff has offered under the trademark and tradename, IDAHO HOME REALTY GROUP ("Plaintiff's Mark") since 2014.

2.      On or about February 13, 2019, Defendants began advertising their real estate agency services under the trademark and tradename, IDAHOME REALTY GROUP (the "Infringing Mark") based in the Treasure Valley of Idaho and surrounds, in an email-based advertising campaign and by launching a website under the Infringing Mark.

3.      Plaintiff and Defendants are both with the same broker, Silvercreek Realty Group. The foregoing makes it apparent that Defendants copied Plaintiff's Mark for use with identical and competitive real estate agency services, and that Defendants' infringement is willful.

## JURISDICTION AND VENUE

4.      This action arises under the Trademark Act of July 5, 1946 (the "Lanham Act"), as amended (15 U.S.C. § 1051 *et seq*.).  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1053, 1121(a), and 1125(a) and (c), and 28 U.S.C. § 1331.

5.      Personal jurisdiction exists over the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and to Idaho Code § 5-514 because the Defendants have, in person and through their agents, transacted business and committed tortious acts within the State of Idaho and because, on information and belief, the Defendants own or use real property situated within the State of Idaho.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business, and continue to infringe Plaintiff's Mark in this Judicial District.

## PARTIES

7.      Plaintiff is a limited liability company organized and existing under the laws of the State of Idaho, having its principal place of business in Meridian, Idaho.

8.      Defendant, Shawn Tomich, is an individual who, on information and belief, resides in Canyon County, Idaho.

9.      Upon information and belief, Defendants Tomich Enterprises, LLC and Idahome Realty Group, LLC are also Idaho entities located in the Treasure Valley with a principal place of business of 4349 E. Switzer Way, Nampa, Idaho.

10.     As alleged herein, Defendants willfully engaged in misleading and infringing activities within this Judicial District.

11.     Defendant Tomich is the principal owner, officer, manager and director of Tomich Enterprises, LLC and Idahome Realty Group, LLC. Defendant Tomich is the moving force behind those entities' operations.

11.     Defendants contributed to and facilitated the promotion and sale of infringing services within this Judicial District under the Infringing Mark.

## DEFENDANTS' INFRINGEMENT CONFUSED CONSUMERS

12.     Since adopting the Infringing Mark, Defendants have purposely confused consumers into deducing that their entity is the original entity that is Plaintiff. This is demonstrated by repeated acts of actual confusion by consumers.

13.     Since the launch of Defendants' promotional campaign, Plaintiff has encountered at least five instances of actual confusion.

14.     On or about March 22, 2019, an employee at Plaintiff's and Defendants' broker, Silvercreek Realty Group, was confused about Plaintiff's signage, believing that it belonged to Defendants.

15.     Then, on or about July 23, 2019, Plaintiff encountered actual confusion from a contractor who had confused Defendants' email address with Plaintiff's.

16.     On or about September 4, 2019, a local real estate agent sent an email intended for Plaintiff with specific documents relating to repairs and contract information for a property to Defendants' email.  It took Plaintiff several explanations to the agent that she had emailed the wrong company.

17.     On or about September 21, 2019, a different real estate agent sent documents to Defendants confusingly thinking Plaintiff was the same as Defendants.

18.     On or about September 23, 2019, Plaintiff received a call from an individual interested in property in Emmett, Idaho. The property was actually the Defendants' listing and Plaintiff had to explain this to the confused individual.

19.     These instances of actual confusion weigh heavily towards a finding of trademark infringement.

**DEFENDANTS' INFRINGEMENT IS WILLFUL**

20.     When Plaintiff learned in February 2019 that Defendants had stolen Plaintiff's Mark, it contacted Defendant Tomich to no avail.

21.     Since Plaintiff's initial attempt to resolve this matter, Plaintiff's counsel later sent a letter to Defendants advising them of the trademark infringement in July 2019. Defendants declined to cease the infringement.

22.     Notwithstanding their actual notice, Defendants have continued use of the Infringing Mark.

### COUNT I:
### LANHAM ACT FALSE DESIGNATION OF ORIGIN
### (DIRECT, CONTRIBUTORY, VICARIOUS)
### (15 U.S.C. § 1125)

23.     The Plaintiff incorporate the foregoing paragraphs 1 through 22 as if set forth fully herein.

24.     Defendants' use of the Infringing Mark as set forth herein is likely to cause confusion, mistake or deception as to the affiliation, connection, or association between Defendants and Plaintiff.

25.     Defendants' conduct, as described herein, constitutes a false or misleading designation of origin or description of fact that is likely to cause confusion, mistake or deception as to the affiliation, connection, or association between Defendants and Plaintiff.

26.     Defendants' use of the Infringing Mark as set forth herein is likely to cause confusion, mistake or deception, and has caused confusion, mistake or deception, as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

27.     Defendants' conduct, as described herein, constitutes a false or misleading designation of origin or description of fact that is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

28.     Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125.

29.     Plaintiff has been damaged by the conduct described herein in the form of lost sales, injury to reputation, lost sales opportunities, and loss of goodwill.  The amount of such damages will be proved at trial.  These damages are in excess of $75,000.00.

30.     The harm to Plaintiff arising from Defendants' conduct as described herein cannot be fully measured or compensated in economic terms.  Defendants' actions have irreparably damaged, and will continue to irreparably damage, Plaintiff's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff.  Such irreparable harm will continue unless Defendants' acts are enjoined during the pendency of this action and thereafter. As a result of the foregoing, Plaintiff is entitled to an award of a preliminary and permanent injunction prohibiting Defendants' use of the Infringing Mark.

31.     Defendants' conduct described herein was knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117, such that Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs (including attorney fees) associated with this action.

## COUNT II:

## DECEPTIVE TRADE PRACTICES IN VIOLATION OF IDAHO LAW

32.     Plaintiff incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendants have engaged in deceptive trade practices in violation of Idaho Deceptive Trade Practices Act, Idaho Statutes § 48-603, including subdivisions (1)-(3) and (5), because their use of the Infringing Mark is likely to cause confusion, mistake or deception as to the source of Defendants' services in that customers, potential customers, and members of the trade are likely to believe that services provided under the Infringing Mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some way connected to Plaintiff.

34.     Defendants' acts constitute infringement of Plaintiff's Mark.

35.     Defendants knew or should have known of Plaintiff's rights in and to Plaintiff's Marks and that the use of the Infringing Mark for real estate agent services such that Defendants' use would create a likelihood of confusion.  Defendants' unauthorized use of the Infringing Mark has been knowing, willful, and deliberate.

36.     Defendants' trademark infringement constitutes unfair competition, which is injurious to the public interest, in violation of the Idaho Deceptive Trade Practices Act.

37.     Plaintiff has been, and will continue to be, damaged by Defendants' willful trademark infringement in a manner and amount that will be proved at trial.

38.     Plaintiff has been, and will continue to be, damaged by Defendants' willful trademark infringement in a manner and amount that cannot be fully measured or compensated in economic terms.  Defendants' actions have damaged, and will continue to damage, Plaintiff's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff.  Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

39.     Defendants' conduct described herein was knowing, willful, deliberate, in bad faith and/or in conscious and reckless disregard for the rights of Plaintiff, such that Plaintiff is entitled to exemplary damages.

**ATTORNEY FEES**

The Plaintiffs have been required to obtain the assistance of counsel in the prosecution of this matter. They are entitled to recover their reasonable costs and attorney fees pursuant  15 U.S.C. § 1117 and other applicable law.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

COMPLAINT

**PRAYER**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor and against the Defendants as follows:

1.      Awarding Plaintiff's actual economic and non-economic damages under the Lanham Act and Idaho common law, in an amount to be determined at trial.

2.      Awarding general damages to the Plaintiff in an amount to be determined at trial.

3.      Awarding treble damages to the Plaintiff.

4.      Awarding to the Plaintiff the Defendants' profits.

5.      Awarding to the Plaintiff its costs and attorney fees.

6.      Awarding restitution, quantum meruit, or other equitable payments to offset the Defendants' unjust enrichment in an amount to be determined at trial;

7.      Awarding the Plaintiff pre-judgment interest on all liquidated sums;

8.      A determination that Defendants have willfully infringed Plaintiff's Mark.

9.      Granting the Plaintiff such other and further relief, at law and in equity, as this Court deems just and proper.


Dated: July 11, 2019, by:                     */s Patrick C. Bageant*
                                              Patrick C. Bageant

                                              HOLLYSTONE LAW
                                              1775 West State Street, No. 286
                                              Boise, ID 83702
                                              Telephone: 208-596-5343
                                              Facsimile: 208-686-8247
                                              email: pbageant@hollystonelaw.com

                                              *Attorneys for Plaintiff*